In re Terry L. **RADER**, Debtor.

Terry L. **RADER**, Plaintiff,

v.

**WHITE CHEVROLET, INC.** et al., Defendants.

Bankruptcy No. 3–85–02353.
Adv. No. 3–85–0347.

United States Bankruptcy Court,
S.D. Ohio, W.D.

April 14, 1986.

**74**

Scott G. Stout, Dayton, Ohio, for plaintiff.

John T. Ducker, Dayton, Ohio, for defendants.

George W. Ledford, Englewood, Ohio, trustee.

### DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, District Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this Court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(A). The plaintiff and debtor filed this action alleging the defendants violated the automatic stay when defendant repossessed the vehicle of the plaintiff. This matter is before the Court upon the motion of defendants for summary judgment and the memorandum of plaintiff in opposition to said motion. In support of the motion defendants request the Court to take judicial notice of the testimony given in hearings on the motion for contempt of court based upon the same facts as those supporting plaintiff's original complaint. After careful consideration of the stipulations of facts by the parties at the prior hearings, pleadings, affidavit herein, statements supporting all motions in the case and the memoranda of counsel, the motion of defendants for summary judgment is granted. Testimony was presented at the hearing on December 10, 1985 where it was contended and undisputed that defendants repossessed the vehicle of Plaintiff-Debtor in California on October 25 or 26, 1985 a few days before debtor filed this Chapter 13 bankruptcy petition on November 1, 1985. Defendant, White Chevrolet, transported the vehicle from California to its Manchester, Kentucky auto dealership at a cost of $1388.89. The auto remained in the possession of defendant, White Chevrolet, until the Court granted defendants' motion for relief from stay on January 22, 1986.

Fed.Rules Civ.Proc. 56(e) is made applicable to bankruptcy by Bankr.R. 7056. Said rule reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Court is constrained from taking judicial notice of testimony heretofore rendered and is limited to consideration of the pleadings, affidavit, statements and admissions in the case and proceedings files. The memorandum of defendant in opposition agrees that the defendant repossessed the 1982 Jeep vehicle on about October 25, 1985 and that plaintiff filed his Chapter 13 bankruptcy petition on November 1, 1985. Asserting that the process of repossessing the vehicle was not completed appears to be a contradiction in terms. Plaintiff admits that the repossession took place on October 25, 1985 and yet contends the "process of repossessing" was not completed by November 1, 1985. The Court assumes plaintiff maintains that because the vehicle was transported from California to Kentucky that the "process of repossessing" was in progress when the bankruptcy petition was filed. The Court finds such argument to strain the meaning of repossession beyond ordinary understanding of the

word. Webster's New Collegiate Dictionary, defines "repossess" as follows:

(1) (a) to regain possession of

   (b) to resume possession of in default of the payment of installments due.

(2) to restore to possession

The defendants, White Chevrolet, Inc. and First National Bank, are corporations which must act through employees and agents. Therefore, the taking of the vehicle from the possession of plaintiff by agents of the defendants completed the repossession. The transportation of the vehicle from Midway City, California to Manchester, Kentucky was not a process of change in possession. The repossession occurred when the defendant regained possession from the Plaintiff-Debtor.

Plaintiff-Debtor submits that his complaint is supported by the decision of this Court on November 19, 1985 in the case *In the Matter of James and Margaret Gerkin*, Case No. 3–85–00625, Adversary Proceeding No. 3–85–0119. In that case the facts were substantially different from the facts of the instant case. Defendant bank repossessed a vehicle on March 25, 1985 after the debtors had filed the Chapter 13 bankruptcy petition on March 21, 1985, for which action the Court found the bank in violation of 11 U.S.C. § 362(a) and (h). In the instant case the repossession was accomplished before the Chapter 13 bankruptcy was filed in Dayton, Ohio. Plaintiff did not offer adequate protection to defendant for defendant's security interest in the vehicle before the hearing. Plaintiff paid nothing to defendants for the vehicle. Plaintiff owed the down payment, monthly payments and repossession expenses, so that defendants had a right to a substantial payment as protection of their security interest before releasing the vehicle to plaintiff.

A consideration of all of the pleadings, affidavit of Terry L. Rader, and memoranda of the parties clearly establishes that the repossession was accomplished before the Chapter 13 bankruptcy was filed and there is no genuine issue as to any material fact. Therefore the defendant is entitled to a judgment as a matter of law.

Accordingly defendant's Motion for Summary Judgment is GRANTED and the plaintiff's complaint is DISMISSED.

IT IS ORDERED.